WHITESIDES v. BARBER.

1. A Court of Probate has no jurisdiction to order the sale of lands of one deceased in aid of assets, until the will has been proved or letters of administration granted.
2. An infant is incapable of making himself a party to an action by accepting service of a summons.
3. An infant (or other person) is not affected by a judgment or order in a cause to which he has not been made a party, although otherwise informed of the pendency of the proceedings.

Before FRASER and WALLACE, JJ., November, 1883, and April, 1885.

This action was instituted by B. T. Dunlap in October, 1882, to recover possession of his interest in a tract of land, and, after his death, was continued by his sole executor and devisee, Thomas W. Whitesides. The plaintiff claimed 65–144 of this land as heir at law of Thomas W. Whitesides and of certain other persons, deceased, and the defendant claimed the land as purchaser under a sale ordered by the Court of Probate. This sale was made under a decree rendered by the judge of probate in two proceedings, heard and decided together: (1) a petition by J. H. Clawson, a creditor of Thomas W. Whitesides, who owned two-thirds of the land, against the heirs at law of Thomas W. Whitesides; and (2) a petition by the widow of said Thomas W. against all the other parties in interest, praying partition and dower in her husband's portion. But it did not appear that any will of Thomas W. Whitesides had ever been proved, or any letters of administration ever granted. In the first proceeding, B. T. Dunlap was personally served, but in the second proceeding he was not, having accepted service and afterwards appeared by a guardian *ad litem* duly appointed.

After the sale of this land and its purchase by the defendant, B. T. Dunlap attained his majority. He then refused to receive his proportion of the proceeds of such sale, and afterwards instituted this action. The jury found for the plaintiff 65–144 of the land in dispute, and of $1,750.04, the net rents and profits. Judge Fraser thereupon ordered the cause transferred to calen-

dar 2, with leave to plaintiff to apply for judgment on this verdict, and with leave to defendant to amend his answer and to set up any equities that he might have. An appeal from this order was held to be premature. *Whitesides* v. *Barber*, 22 *S. C.*, 47.

Defendant thereupon amended his answer, and claimed to be subrogated to the rights of certain creditors who had been paid out of the proceeds of the sale. Judge Wallace thereupon passed the following decree:

Upon reading and filing the special verdict of the jury in above stated case, and after hearing argument of counsel, on motion of Wilson & Wilson, plaintiff's attorneys, it is ordered, that the plaintiff, T. W. Whitesides, have judgment against the defendant, Ferguson H. Barber, for the possession of sixty-five one-hundred and forty-fourth (65–144) part of the premises described in the complaint herein, in fee. And it is further ordered, that said plaintiff have judgment against the said defendant for the sum of seven hundred and thirty 92–100 dollars, and interest from November 14, 1883, the same being 65–144 of the net value of the rents and profits of said premises, as found by said special verdict, after deducting therefrom said plaintiff's proportionate share of money paid by the said defendant and applied to the debts of Thomas Whitesides, deceased.

Defendant appealed from this decree, and from the former order of Judge Fraser in the cause.

*Messrs. Hart & Hart*, for appellant.

*Mr. W. B. Wilson, jr.*, contra.

March 13, 1886. The opinion of the court was delivered by

Mr. Justice McIver. The facts of this case are fully and clearly stated in the opinion delivered by Mr. Justice McGowan when the case was before this court on a previous occasion, as will be seen by reference to 22 *S. C.*, 47, and, therefore, it will not be necessary to repeat them here, but only to state what has occurred since. In accordance with the judgment then rendered, the case was remanded to the Circuit Court, when the plaintiff, in accordance with the former order of Judge Fraser, applied for

and obtained from Judge Wallace a judgment for an undivided portion of the land in controversy, together with the sum of seven hundred and thirty 92–100 dollars, and interest from November 14, 1883, being his proportion of the net value of the rents and profits, after deducting therefrom the plaintiff's proportionate share of the amount paid by defendant and applied to the debts of Thomas Whitesides, deceased.

By this appeal the appellant seeks to review the alleged erroneous rulings of Judge Fraser, on the trial before him, upon the exceptions then taken, as well as the final judgment rendered by Judge Wallace. Without undertaking to set out in detail the various exceptions appearing in the record, we propose to consider the several questions made thereby. The fundamental inquiry is as to the validity of the sale, made by the order of the judge of probate, under which the appellant claims that he acquired title to the land in dispute.

First, as to the proceeding instituted by Clawson as a creditor of Thomas Whitesides, deceased. The object of that proceeding was to sell the real estate of Thomas Whitesides, deceased, in aid of the personalty, for the payment of debts, and to that proceeding the heirs of Thomas Whitesides seem to have been regularly made parties, but no administration having been granted upon his estate, neither his executor nor administrator was, or could have been, made a party. The first inquiry, therefore, is, could the Court of Probate obtain jurisdiction in such a case? That being a court of limited and not of general jurisdiction, we must look to the law defining its jurisdiction to determine this question. Section 40 of the Code of Procedure confers jurisdiction upon the Court of Probate to order a sale of the real estate of a person deceased, for the payment of his debts, when it shall be made to appear that the personal estate is insufficient for that purpose, but this jurisdiction is conferred only upon the Probate Court of the county in which the will of such deceased person was proved, or in which administration of his estate was granted.

Hence, it would seem to follow, that until a will has been proved, or letters of administration have been granted, no Court of Probate can take jurisdiction of a proceeding to sell the real estate of a deceased person. This is not a mere question of defect

of parties, as has been argued by the appellant, for, although it is undoubtedly true that in such a proceeding the executor or administrator, as the case may be, would be a necessary party, yet the defect here lies deeper, and is jurisdictional. No Court of Probate could take jurisdiction of a proceeding like the one in question until a will has been proved or administration granted, because such jurisdiction is conferred *only* upon the Court of Probate of the county where the will has been proved or administration granted. We think, therefore, that there was no error on the part of Judge Fraser in charging the jury that the proceeding by Clawson, assignee, to sell the land for the payment of the debts was void.

Next, as to the partition proceedings; and the fundamental inquiry here is, whether B. T. Dunlap, who was then a minor, was properly made a party to such proceedings. The law prescribes explicitly the mode in which a minor may be made a party to an action, and unless the requirements of the statute are complied with, no court can obtain jurisdiction of the person of the minor, so as to enable it to render any judgment in such action which will be binding on the minor. It has been settled by the decisions of this court (*Finley* v. *Robertson*, 17 *S. C.*, 435; *Riker* v. *Vaughn*, 23 *S. C.*, 187; and *Genobles* v. *West, Ibid.*, 154) that an infant is incapable of making himself a party to an action by accepting service of a summons, so as to be bound by a judgment therein; and as it does not appear that there was any other legal evidence that the minor, B. T. Dunlap, had been served with the summons issued in the partition proceedings, he cannot be regarded as a party to such proceedings, and his rights cannot, therefore, be precluded by any order or judgment therein. The record only shows that he accepted service of the summons, which, as we have seen, was not sufficient, and there is no such proof of service, as is required by section 159 of the Code.

It may be, as contended by appellant, that the minor, B. T. Dunlap, was cognizant of the proceedings for partition, and was aware of what was going on, but, as we have said in the case of *Warren, Wallace & Co.* v. *Simon* (16 *S. C.*, 364), even in reference to an adult, that it would be a dangerous precedent to establish, that a party might be liable to have a judgment rendered

against him, or an order granted affecting his rights, in a cause to which he had not been made a party in the manner prescribed by law, simply because he was otherwise informed of the proceedings.

According to these views, it is quite clear that, so far as the interest of B. T. Dunlap in the land was concerned, the sale was void for want of jurisdiction, and hence the other points presented in the argument cannot arise, and need not, therefore, be considered.

From this, it follows that the plaintiff, as sole devisee of B. T. Dunlap, was entitled to recover his undivided interest in the land, subject to the equity set up by the appellant to be subrogated to the rights of the creditors of Thomas Whitesides, and this equity, as we understand it, has been properly allowed him in the judgment rendered by Judge Wallace, by deducting from the plaintiff's share of the rents and profits his proportion of the debts of Thomas Whitesides, which have been paid by the appellant.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.